Case 4:15-cv-01438 Document 89 Filed on 02/27/18 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 28, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPORTSTAR ATHLETICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-15-1438 |
| | § | |
| WILSON SPORTING GOODS CO., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Defendant's Amended Motion for Attorney Fees (Document No. 83), in which Defendant seeks to recover the attorneys fees it incurred in this patent infringement suit from the date of the District Court's claim construction. Having considered the motion, the response in opposition (sealed Document No. 85), what has been filed by Defendant as a "Motion for Attorney Fees," but which is in fact a Reply (Document No. 87), the procedural history of this case, the District Court's claim construction and summary judgment rulings, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Amended Motion for Attorney Fees (Document No. 83) be DENIED.[1]

This is a patent infringement case that was filed by Plaintiff Sportstar Athletics against Defendant Wilson Sporting Goods Co. over a chinstrap design. A claim construction/*Markman* hearing was held on March 23, 2016, and "Findings of Fact, Conclusions of Law, and Construction of Claims" were entered on January 30, 2017 (Document No. 48). Thereafter, Defendant filed a Motion for Partial Summary Judgment on the Issue on Non-Infringement (Document No. 55), which

---

[1] Defendant's initial Motion for Attorney Fees (Document No. 81), which was superseded by Defendant's amended motion, is MOOT.

was granted by Opinion and Order entered on September 27, 2017 (Document No. 73). A Final Judgment of Non-Infringement was entered on October 31, 2017. Sportstar has since filed a Notice of Appeal from that Final Judgment, the Court's Opinion and Order granting Defendant's Motion for Partial Summary Judgment, and the Court's Findings of Fact, Conclusions of Law and Construction of Claims.

Wilson now, post-judgment, seeks attorneys' fees under 35 U.S.C. § 285, arguing that this case, once the Court entered its Findings of Fact, Conclusions of Law and Construction of Claims, was baselessly pursued by Sportstar, and is "exceptional" in the sense that Sportstar was unwilling to concede non-infringement notwithstanding the Court's clear determination during the claim construction process that Sportstar's chin strap design did not contain the same design elements as Wilson's (Sportstar's "strap splitter" having two slots, with one slot being longer than the other and Wilson's accused strap splitter having three symmetrical slots). Sportstar, in response to the Motion for Attorneys' Fees, maintains that this case is not exceptional and that its substantive response to Wilson's Motion for Partial Summary Judgment, supported by expert opinion evidence on the application of the doctrine of equivalents theory of infringement, evidences both its need for a ruling by the Court on the issue of infringement and the reasonableness of its decision to continue the litigation following the claim construction rulings.

Pursuant to 35 U.S.C. § 285, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Wilson is, indisputably, a prevailing party in this patent infringement case. What is at issue is whether this case can, or should be, considered an "exceptional" case. According to the Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, ___ U.S. ___, 134 S. Ct. 1749, 1756 (2014), "an 'exceptional' case is simply one that stands out from others

with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." District courts have broad, equitable discretion in determining, from the totality of the circumstances, whether a case is exceptional. *Id.* at 1756. In exercising that discretion, courts may consider "a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id* at n. 6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n. 19 (1994)).

Here, Wilson is not seeking attorneys fees from the inception of this case, but rather, from the date of the Court's claim construction ruling, when it was obvious and indisputable that Sportstar could not maintain a viable patent infringement claim against Wilson. Those attorneys' fees, Wilson estimates, are approximately $61,451.00.

Whether this patent infringement case became exceptional upon the Court's claim construction ruling on January 30, 2017, must be determined from the totality of the circumstances at the time. Those circumstances include: Sportstar's earlier settlement with Under Armor of a similar patent infringement claim; the undersigned's request for further briefing on Defendant's *Daubert* motion following the District Court's claim construction ruling; the District Court's relatively simple and straightforward application of its claim construction ruling to Sportstar's patent infringement claims, and Sportstar's doctrine of equivalents theory in the Opinion and Order granting Wilson's Motion for Partial Summary Judgment; and Sportstar's appeal of both the District Court's claim construction ruling(s) and the Opinion and Order of non-infringement. In light of these circumstances, the most relevant question for purposes of determining whether this is an

extraordinary case is whether Sportstar should have stipulated to non-infringement following the District Court's claim construction ruling. There was, quite clearly, the proverbial "writing on the wall" following the Court's claim construction ruling. Not only did the District Court, in making its claim construction rulings, construe the claims of Sportstar's patent(s), it also compared those claims with the feature(s) of Wilson's accused product. *See* Findings of Fact, Conclusions of Law, Construction of Claims (Document No. 48) at 31, 33, 34 ("In contrast, Wilson's accused strap splitter has three slots, all the same size and symmetrical with each other. , i.e., the configuration that Schiebl moved away from to avoid rejection under Pietrzak."). As such, the District Court's claim construction rulings essentially decided the issue of literal infringement. What it did not decide through its claim construction rulings, however, was the doctrine of equivalents issue, which appears to have been the main focus of Sportstar's opposition to Wilson's Motion for Partial Summary Judgment. The resolution of that issue may have been contemplated by the claim construction rulings, but it was not either inherently or implicitly decided by the Court though its claim construction rulings.

Adverse claim construction rulings do not, standing alone, make the continued pursuit of patent infringement claims "extraordinary" for purposes of fee shifting under § 285. *Atlas IP, LLC v. Medtronic, Inc.*, Case No. 13-23309-CIV, 2016 WL 3981342 *3 (S.D. Fla. May 5, 2016) ("litigating a case after an adverse claim construction order alone is insufficient to render a case exceptional under section 285"); *EON Corp. v. Cisco Systems, Inc.*, Case No. 12-cv-01011-JST, 2014 WL 3726170 *5 (N.D. Ca. July 25, 2014) (finding that a plaintiff's infringement contentions lack merit "by itself is not enough to render a case 'extraordinary'"); *SmartMetric, Inc. v. MasterCard Int'l, Inc,*, Case No. CV-11-7126-MWF, 2015 WL 12582630 *3 (C.D. Ca. Mar. 25,

2015) (claim construction rulings do not inherently or necessarily decide the issue of infringement and a case will not be found exceptional under § 285 based solely on adverse claim construction rulings). Something more, as was the case is *Iris Connex, LLC v. Dell, Inc.*, 235 F.Supp.3d 826 (E.D. Tex. 2017), is required.

In *Iris Connex*, attorneys' fees under § 285 were found to be warranted not just due to the adverse claim construction rulings, but also because of the evidence in the record of Plaintiff's intent to extract nuisance settlements, and Plaintiff's attempts to shield itself from the fee shifting provisions of § 285 through the creation of empty shell companies. Here, there is no evidence, inferential or otherwise, that this suit was an attempt by Sportstar to extract a nuisance settlement out of Wilson. In addition, while the District Court quickly and simply rejected Sportstar's doctrine of equivalents theory in its Opinion and Order granting Defendant's Motion for Partial Summary Judgment, it cannot be said on this record that Sportstar pursued a formal ruling by the Court on that issue for reasons that were untoward, frivolous, or objectively unreasonable. It may well be that Sportstar could have stipulated to non-infringement following the claim construction rulings, but so doing could have foreclosed its ability to pursue its doctrine of equivalents theory, however weak, on appeal.

Having considered the totality of the circumstances in this case, and there being nothing in the record to indicate that Sportstar's claims and arguments were patently frivolous following the Court's claim construction rulings, that Sportstar had a bad motive to pursue its infringement claims following this Court's claim construction rulings, or that Sportstar's conduct in this case was objectively unreasonable, the Magistrate Judge concludes that this case should not be considered an exceptional one within the meaning of 35 U.S.C. § 285. As such, the Magistrate Judge

RECOMMENDS that Defendant's Amended Motion for Attorney Fees (Document No. 83) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 27th day of February, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE