UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPORTSTAR ATHLETICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1438 |
| | § | |
| WILSON SPORTING GOODS, CO., | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Wilson Sporting Goods, Co.'s ("Wilson") Amended Motion for Attorney Fees (Doc. 83), in which Wilson seeks to recover the attorneys' fees it incurred in the above-referenced patent infringement suit from the date of this Court's claim construction ruling, and the Magistrate Judge's Memorandum and Recommendation (Doc. 89), recommending that Wilson's Motion be denied. Wilson filed timely objections to the Magistrate Judge's Memorandum and Recommendation (Doc. 90), arguing that the Magistrate Judge misstated and misapplied the standard for awarding attorneys' fees in this instance and its motion should be granted. Upon review of these documents, the facts, and the relevant law, the Court adopts the Magistrate Judge's Memorandum and Recommendation as its own, overrules Wilson's objections, and denies Wilson's Motion for Attorney Fees.

Background and Parties' Arguments

The Magistrate Judge entered a Memorandum and Recommendation (Doc. 89) recommending that Wilson's Motion for Attorney Fees (Doc. 83) be denied.[1] Wilson filed timely objections to the Memorandum and Recommendation, arguing that the Magistrate Judge

---
[1] Please refer to the Memorandum and Recommendation, Doc. 89, for a detailed discussion of the facts and procedural history of this case.

"erred by applying a pre-*Octane* standard of 'patently frivolous' to justify an award under 35 U.S.C. § 285." Doc. 90 at 1. Wilson contends that the proper standard for awarding attorneys' fees in this case is stated by the Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), where it was held that attorneys' fees are appropriate in exceptional cases, and an exceptional case is defined as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. at 1756.

Further, Wilson argues that the Magistrate Judge erred by concluding that following the Court's claim construction ruling, SportStar could still try to show infringement under the doctrine of equivalents for the "strap splitter" element of its asserted claims. Wilson contends that at that point, SportStar had an obligation to dismiss its infringement action to avoid further litigation expense and its failure to do so justifies an award of attorneys' fees.

Standard of Review

Rulings by a magistrate judge on dispositive matters, such as the motion for attorneys' fees at issue here, "are mere recommendations subject to *de novo* review when properly challenged by the losing party." *Davidson v. Georgia–Pac., L.L.C.,* 819 F.3d 758, 762 (5th Cir. 2016) (*citing* 28 U.S.C. § 636(b)(1); Fed. R .Civ. P. 72(b)(3)). Accordingly, the Court will perform a *de novo* review of the portions of the Memorandum and Recommendation objected to by Wilson.

Analysis

Defendant Wilson contests the standard applied by the Magistrate Judge to determine whether attorneys' fees are appropriate in this case. The law states that "[t]he court in

exceptional cases may award reasonable attorney's fees to the prevailing party." 35 U.S.C. § 285. "Exceptional" means "'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (citations omitted). An "exceptional" case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. "[F]ees are not awarded solely because one party's position did not prevail." *Gaymar Industries, Inc. v. Cincinnati Sub-Zero Products, Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015).

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances*.*" *Octane Fitness*, 134 S. Ct. at 1756. No precise rule or formula applies, but "instead equitable discretion should be exercised 'in light of the considerations [the Court has] identified.'" *Id*. (*citing Fogerty v. Fantasy, Inc*., 114 S. Ct. 1023, 1033 (1994)). Parties must prove entitlement to fees by a preponderance of the evidence. *See Octane Fitness*, 134 S. Ct. at 1758 (rejecting the Federal Circuit's requirement of clear and convincing evidence). A district court's ruling that a case is exceptional under § 285 will be reviewed for abuse of discretion. *Highmark Inc. v. Allcare Health Management System, Inc*., 134 S. Ct. 1744, 1747 (2014).

This standard, explained by the Supreme Court in *Octane*, was cited to, explained, and properly applied by the Magistrate Judge in her Memorandum and Recommendation. *See* Doc. 89 at 2-3 ("According to the Supreme Court in *Octane Fitness*. . . 'an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'"). Reviewing the Memorandum and Recommendation

*de novo,* the Court finds that this standard was correctly applied to the facts in this case. Therefore, Wilson's objection that the Magistrate Judge used and applied the wrong legal standard is overruled.

Furthermore, having considered the totality of the circumstances in this case, and there being nothing in the record to indicate that Sportstar's claims and arguments were patently frivolous following the Court's claim construction rulings, that Sportstar had a bad motive to pursue its infringement claims following this Court's claim construction rulings, or that Sportstar's conduct in this case was objectively unreasonable, the Court in its discretion determines that this case should not be considered an exceptional one within the meaning of 35 U.S.C. § 285. The Court overrules Wilson's second objection.

Thus, after having conducted a careful *de novo* review, the Court concurs with the findings of the United States Magistrate Judge. Attorneys' fees shall not be awarded in this instance. The Memorandum and Recommendation should be accepted and Wilson's motion denied.

Conclusion

Accordingly, the Court hereby

ADOPTS the Magistrate Judge's Memorandum and Recommendation (Doc. 89),

OVERRULES Wilson's Objections (Doc. 90), and

ORDERS that Defendant's Motion for Attorney Fees (Doc. 83) is DENIED.

SIGNED at Houston, Texas, this 13th day of June, 2018.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE